UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
ELAINE CHAO, Secretary of Labor,            *
United States Department of Labor,          *
                                            *
                        Plaintiff,          *
                V.                          *     CIVIL ACTION
                                            *
DANCING LOBSTER, INCORPORATED               *     FILE NO.  04-11613 (DPW)
and  NILS J. BERG                           *
                                            *
                        Defendants.         *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## CONSENT JUDGMENT

Plaintiff having filed a complaint and the Defendants having appeared by counsel, received a copy thereof, waived service of process and, without admitting liability, agreed to the entry of this judgment without contest.

It is therefore, ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants, employees and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq. ), hereinafter referred to as the Act, in any of the following manners;

Defendants shall not, contrary to sections 7 and 15 (a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours,

unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep and preserve records of employees and of the wages, hours and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 C.F.R. 516.

Further, the Court finding as agreed to by the Defendants, but without admitting liability, that employees are due compensation in the amount of $36,861.15 in back wages as shown on the attached "Exhibit A", which is incorporated in and made a part hereof, it is

ORDERED, ADJUDGED and DECREED that the Defendants are restrained from withholding payment of said compensation.

The Defendants represent that they are now in compliance with the Act since August of 2003. In resolving the amount of back wages in this judgment, the plaintiff has relied on this representation, and accordingly, the back wage provision of this judgment shall have no effect upon any back wages which may have accrued since August of 2003.

Defendants hereby represent that they are in compliance with the Act and that no compensation other than that set out in this Judgment is due and owing any employees for the period from August of 2003 to the date of entry of this Judgment. In the event that additional compensation is found to be due Defendants' employees for the latter period of employment, the Defendants shall pay the additional compensation within thirty (30) days of being advised of such a back wage obligation. If the additional compensation is not paid, the Plaintiff or the Defendants' employees shall have the right to institute suit pursuant to Section 16(b), 16(c) or

Section 17of the Act for any violations which occurred from August of 2003 to the date of entry of this Judgment and the Defendants hereby waive their right to claim a statute of limitations defense under Section 6(a) of the Portal to Portal Act of 1947, as amended, for the aforesaid period of employment.

The back wage provisions of this Judgment shall be deemed satisfied when on or before June 30, 2005 the Defendants shall deliver to the persons listed on "Exhibit A" attached hereto the respective sums set opposite their names, less deductions for each employees' share of social security and withholding taxes.

The Defendants shall further provide Plaintiff with a copy of the payroll or a copy of the checks used to disburse the back wages and a statement attesting to the fact that such payment has been made.

Any back wage checks which cannot be distributed to the employees named in "Exhibit A", or to their estates if that be necessary because of inability of the parties to locate the proper persons, or because if such person's refusal to accept such sums, shall be redrafted and made payable to both the employee and "Wage & Hour Division – Labor" as alternative payees. Such checks shall then be forwarded immediately to Plaintiff. When recovered wages have not been claimed by the employee within three (3) years, the Secretary of Labor shall deposit such money with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States, pursuant to 28 U.S.C. 2041.

Defendants shall not, under any circumstances, accept and keep any amount returned to them by a person owed compensation under this Judgment. Any such amount shall be immediately paid to the Plaintiff as above.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated: _____, 2005.

_____
United States District Judge

Howard Radzely
Solicitor of Labor

By: *(signature)*
Attorney Karen D. Simao
BBO # 652542

Frank V. McDermott, Jr.
Regional Solicitor

For:   Dancing Lobsters, Incorporated
       Nils J. Berg
       1264 Beacon Street – Unit #2
       Brookline, Massachusetts  02446

*(signature)*
Karin J. Froom
Attorney
BBO #552391

U.S. Department of Labor
Attorneys for Complainant

DATE: 3/31/2005

DATE: 30 Mar 2005

EXHIBIT A

| | | | |
|---|---|---|---|
| 1. | Joey Breneman | 296 A Commercial Street<br>Provincetown, Massachusetts 02757 | $384.64 |
| 2. | Rodrigo Camejo | Barrio Biarritz Avenida Central<br>Maldonado, Uruguay | $11,639.44 |
| 3. | Vincenzo Castiglia | 289 Bradford Street<br>Provincetown, Massachusetts 02757 | $2,268.76 |
| 4. | James Gannon | 3 Alden Way<br>North Truro, Massachusetts 02652 | $168.44 |
| 5. | Jakob Kabat | 7 Borovska<br>Czech Republic | $2,882.86 |
| 6. | Todd LaMadeleine | P.O. Box 1868<br>Provincetown, Massachusetts 02757 | $1,066.46 |
| 7. | Wendy Martin | 476 Commercial Street<br>Provincetown, Massachusetts 02757 | $53.82 |
| 8. | Thomas McGowan | P.O. Box 75<br>Provincetown, Massachusetts 02757 | $192.96 |
| 9. | Luca Michelini | 8 Johnson Street<br>Provincetown, Massachusetts 02757 | $4,110.20 |
| 10. | Gustavo Orta | Calle 20 No. 717<br>Punta Del Este, Uruguay | $2,739.36 |
| 11. | Hector F. Trinidad | Calle 20 y 25 Edificio Biarritz –<br>Apt. 206<br>Punta Del Este, Uruguay | $11,267.58 |
| 12. | Eva Varhanikova | Gen Svobody 625/4<br>Czech Republic | $86.63 |

**TOTAL:** $36,861.15